SANDERS, Justice
(dissenting).
The trial judge found that the valuable quarter horse was able to break into the adjoining stall to eat the wheat because the storm damage left his stall in a weakened condition. The Court of Appeal accepted this finding. That court, however, denied liability based upon a policy interpretation that eliminated coverage if any causative factor other than the storm contributed to the loss. The majority has now corrected this erroneous construction of the policy provision. All that is required is that the storm be an efficient cause of the loss. The presence of other contributing factors, does not defeat coverage. See Roach-Strayhan-Holland Post v. Continental Ins. Co., 237 La. 973, 112 So.2d 680 (1959).
The evidence shows that the barn was about five years old and in good condition before the hurricane. The hurricane demolished about 75% of the barn. Both Dr. Cecil Lorio and Robert C. Lorio testified they discovered after the loss of the horse that the remaining stalls were twisted and weakened, requiring major repairs. Robert C. Lorio testified that the boards around these stalls were “loosened up.” The testimony of these witnesses as to the storm damage is uncontradicted and should be accepted by the Court. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). .
The record, in my opinion, supports the trial judge’s finding that the horse was-able to dislodge the boards only because they had been loosened and the stall weakened by the storm. Certainly there is no manifest error in this finding. Hence, I conclude the insurance policy covers the loss.
For the reasons assigned, I respectfully dissent.